**GITLIN, HORN AND VAN DE KIEFT LLP**
2095 Broadway, Suite 411
New York, New York 10023
T: 212-514-5437
F: 212-757-7042
Mhorn@ghvalw.com
Cvandekieft@ghvlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------
RESURRECT BY NIGHT LLC,

              Plaintiff,

      vs.

PHILIPP PLEIN AMERICAS, INC.,
PP RETAIL USA, LLC, and
PHILIPP PLEIN INTERNATIONAL AG,

            Defendants.
------------------------------------------------------------

Civil Case No._____

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

Plaintiff Resurrect By Night LLC ("Resurrect By Night") a New York company organized in New York, by and through its undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

Plaintiff is a clothing company that designs and sells distinct attire. This action involves claims for copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. (the "Action"). Defendants have violated Plaintiff's rights by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed and infringing versions of Resurrect By Night's copyrighted designs (as shown below).

### JURISDICTION AND VENUE

1.    This case arises out of Defendants' unlawful exploitation of two of Plaintiff's designs (together, the "Designs"), through Defendants' unauthorized and unlawful reproduction,

display, distribution and sale of Plaintiff's Designs on apparel under the "Philipp Plein" name (hereinafter "Infringing Products"). Defendants utilize multiple platforms to sell these Infringing Products throughout the world. Defendants' actions violate the Copyright Act.

2.      Defendants knew that the Plaintiff never authorized Defendants to appropriate, reproduce, display or distribute Plaintiff's Designs, let alone to adapt the designs in order to create shirts and other derivative work based on the Plaintiff's Designs. Accordingly, Defendants' conduct is in willful disregard and violation of the Plaintiff's rights under the Copyright Act.

3.      Defendants' conduct has damaged Plaintiff's ability to sell or license the Designs while, at the same time, enabling Defendants to profit from the unauthorized reproduction, adaptation, display, sale and distribution of the Designs.

4.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 28 U.S.C. § 1338(b) as an action arising out of claims for unfair competition.

5.      Personal jurisdiction exists over Defendants Philipp Plein Americas, Inc. and PP Retail USA, LLC in this judicial district because both Defendants have a principal place of business in New York, and because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district. Upon information and belief, Defendants Philipp Plein Americas, Inc. and PP Retail USA, LLC operate the Plein showroom store at 4 West 58th Street in New York City.

6.      Personal jurisdiction exists over Defendant Philipp Plein International AG pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business in New York and in this judicial district, and/or

derives substantial revenue from its business transactions in New York and in this judicial district and/or otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

7.      Defendant Philipp Plein International AG conducts business in New York at its retail store at 4 West 58th Street in New York City.  This store was opened in 2013.  When the store opened, Philipp Plein International AG announced on its website:[1]

> PHILIPP PLEIN inaugurates a new showroom in New York, the fourth worldwide after Milan, Dusseldorf and Hong Kong.  **The Swiss Maison chooses the Big Apple as a base to initiate it's [sic] conquest of the American market,** choosing a prestigious location, an ultra-luxurious two story penthouse at 4 West 58th Street.    The  showroom's breathtaking  panorama  of  Central Park serves  as  a  backdrop  for  the  style  and  creativity  of  the PHILIPP PLEIN collections.

(Emphasis added).

8.      The announcement featured a quotation by CEO Philipp Plein describing the company's plan to increase business in the United States, and in New York:

> America today represents one of the most competitive markets in the  world  along  with  Italy.    We  have  been  able  to  establish ourselves in the Italian market even though we are a foreign brand, Swiss to be precise.  Now it will be a true challenge to conquer the American market as well" states Philipp Plein, founder, creative director  and  CEO  of  the  namesake  brand.    "**The  arrival  of PHILIPP PLEIN in a great metropolis like New York City will permit us to quickly acquire top level wholesale clients,** while in the long term we aim to consolidate and develop the important South American market.  **We also plan to open the first mono-brand stores in New York, Miami, Los Angeles, Las Vegas and Boston, in addition to corners in top department stores.**

(Emphasis added).

9.      Additionally, Defendants' illegal infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendant should reasonably expect such actions

---

[1]    http://world.philipp-plein.com/en/philipp-plein-universe-news/3348/new-york-city-showroom-opening (visited June 4, 2021).

to have consequences in New York and in this judicial district.

10.     Defendant Philipp Plein International AG directly targets its business activities toward consumers in the United States, including New York.  Defendant operates a highly interactive website that is accessible in New York, and the site, upon information and belief, is used to effect commercial transactions with customers in New York.

11.     Defendant Philipp Plein International AG is further subject to jurisdiction in New York under N.Y.C.P.L.R. § 301, because under well-established New York law, a court of New York may assert jurisdiction over a foreign corporation when it affiliates itself with a New York representative entity and that New York representative renders services on behalf of the foreign corporation that go beyond mere solicitation and are sufficiently important to the foreign entity that the corporation itself would perform equivalent services if no agent were available.  Upon information and belief, Defendants Philipp Plein Americas, Inc. and PP Retail USA, LLC fulfill this function for Philipp Plein International AG by operating the retail store.

12.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b)(1), because Defendants Philipp Plein Americas, Inc. and PP Retail USA, LLC are based in this judicial district, and because all Defendants conduct, transact, and/or solicit business in this judicial district.

## THE PARTIES

13.     Plaintiff Resurrect By Night LLC is a New York limited liability company with a principal place of business in Pawling, New York 12564.

14.     Defendant PP Retail USA, LLC is a New York limited liability company with a principal place of business at 4 West 58th Street, New York, New York 10019.

15.     Upon information and belief, Defendant Philipp Plein Americas, Inc. is a Delaware corporation with a principal place of business at 625 Madison Avenue, New York, New York 10022.

4

16.     Upon information and belief, Defendant Philipp Plein International AG is a foreign corporation with headquarters in Switzerland.

## GENERAL ALLEGATIONS

### Resurrect By Night and its Well-Known Clothing

17.     Plaintiff designs and sells innovative clothing, designed by the company's co-founder Daren Chambers.  Mr. Chambers is a self-taught artist who began drawing at the age of six.  The company's clothes are aggressive, authentic and display a distinct artistic sensibility which Plaintiff has carefully and painstakingly developed over the years.  Mr. Chambers re-purposes and hand paints every unique piece, inspired by music, art and culture.  This process takes a garment from his vintage-sourced collections and gives it new life with something rare and new.  Resurrect By Night's clothing uses unusual mix media and techniques to create two and three-dimensional pieces.

18.     Resurrect By Night's clothing made its debut appearance in Barney's NY and Beverly Hills.  Plaintiff sold out over 400 pieces – mostly hand-painted garments – from the DIY collection.

19.     Plaintiff's clothing has been featured in major department stores like Barneys NY, Beverly Hills, Attom Shop, Fancy NY and several other exclusive boutiques in Japan.

20.     The company's clothing has also been featured in prominent magazines, including Men's Health[2] and Gentlemen's Quarterly ("GQ").[3]  In July 2017, a GQ profile of basketball superstar Russell Westbrook included a discussion of Plaintiff's clothing designs, which Mr. Westbrook wore.[4]

21.     Additionally, Plaintiff sells its products directly through Plaintiff's website,

---

[2]   https://www.menshealth.com/style/g32745078/black-owned-brands-menswear-grooming-businesses/ (visited June 4, 2021).

[3]   https://www.gq.com/story/black-owned-menswear-labels-and-stores?fbclid=IwAR0go5adquJihDlA5xT5YQ2zVXv6LgF1TK9B-SlsM_rOpcuk3ufxfwwOZnc (visited June 4, 2021).

[4]   https://www.gq.com/story/russell-westbrook-show-off-abs-while-being-fully-dressed (visited June 4, 2021).

available at www.resurrectbynight.com.

     22.    The infringing products involve two designs created by Plaintiffs. The first Design ("Design 1") is below. This design features a muscular, skull-faced character raising clenched fists.

### Resurrect By Night Design 1[5]



     23.    The second design ("Design 2") is below. This design features a blonde, skull-faced character in a short dress, above flames:

---

[5] Larger versions of all the designs and photos in this complaint can be found in Exhibit 1.

**Resurrect By Night Design 2**



24.     Without the Plaintiff's knowledge or permission, Defendants offered for sale, sold, and distributed Plaintiffs' Designs.  Defendants have taken Plaintiff's unique artistic style and approach and misappropriated it for their own use.

25.     Resurrect By Night has protected its valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Designs.  Resurrect By Night is the owner of U.S. Copyright Registration No. VAu001410221 ("Sanctified, dirty dreams") covering Design 1, and U.S. Copyright Registration No. VAu001410226 ("Guilty Pleasures") covering Design 2.  Proof of the copyright registration for the Resurrect By Night Works are attached hereto as **Exhibits 2 and 3** and incorporated herein by reference.

26.     Resurrect By Night has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in their clothing.

27.     The success of Resurrect By Night's products is due in large part to Plaintiff's marketing, promotional and distribution efforts.  These efforts include but are not limited to the advertising and promotion of the products through Plaintiff's website entirely dedicated to the products;  print and internet-based advertising and publicity for the products; and Plaintiff's

participation in trade shows.

28.     These efforts by Plaintiff to publicize and sell their clothing indicate that Defendants had access to Plaintiff's Designs.

29.     As a result of Plaintiff's efforts, the quality of their products, their promotions, extensive press and media coverage and word-of-mouth buzz, the clothing has become prominently placed in the minds of the public.  Members of the public have become familiar with the products and have come to recognize the Products and associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such associations.

30.     Plaintiff has gone to great lengths to protect its interests in and to the Designs. No one other than Plaintiff is authorized to manufacture, import, export, advertise, offer for sale or sell their Designs, or any other goods utilizing the copyright, without Plaintiff's express written permission.

<u>**Defendants' Wrongful and Infringing Conduct**</u>

31.     In light of Plaintiff's successes, as well as the reputation they have built, Plaintiff and its Designs have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation and fame that Resurrect By Night amassed in their products.

32.     Over one hundred and twenty Philipp Plein mono-brand stores are to be found worldwide from New York to Beverly Hills, London, Paris, Milan and Hong Kong.

33.     Defendants typically sell the Infringing Products using the term "graffiti" in the item name.  Even a cursory glance at the Infringing Products makes it clear that Defendants seek to capitalize on the aggressive aesthetic and spirit evident in Plaintiff's designs, and that Defendant's Infringing Products are substantially similar to Plaintiff's.   The substantial similarities between Plaintiff's Designs and the Infringing Products are probative of copying by the Defendants.

34.    For Plaintiff's Design 1, the stolen design is used on numerous Infringing Products and sold on multiple online platforms.  Below is an example of this design, sold for $1,130.00 at the Philipp Plein website,[6] under the product description "T-Shirt Short Dresses Graffiti":



35.    A further example of an infringing product, also at www.plein.com, is sold for $755.00, under the name "T-Shirt Round Neck SS Graffiti":[7]



36.    A further example, sold under the description "T-Shirt Round Neck SS Graffiti,"

---

6   https://www.plein.com/on/demandware.store/Sites-PhilippPleinUS-Site/en_US/Product-Variation?dwvar_P20C-WTG0273-PTE003N_color=02&dwvar_P20C-WTG0273-PTE003N_size=L&pid=P20C-WTG0273-PTE003N (visited May 22, 2021).

7   https://www.plein.com/on/demandware.store/Sites-PhilippPleinUS-Site/en_US/Product-Variation?dwvar_P20C-MTK4431-PJY002N_color=01&dwvar_P20C-MTK4431-PJY002N_size=L&pid=P20C-MTK4431-PJY002N (visited May 22, 2021).

sold for $945.00 at www.plein.com:[8]



37.     Design 1 is also incorporated into this leather jacket, sold at www.plein.com, at a

listed price of $6,915.00:[9]



38.     Design 2 is copied in the product shown below, described as "Jeggins," and sold

[8]   https://www.plein.com/on/demandware.store/Sites-PhilippPleinUS-Site/en_US/Product-Variation?dwvar_P20C-WTK2036-PTE003N_color=01&dwvar_P20C-WTK2036-PTE003N_size=XL&pid=P20C-WTK2036-PTE003N (visited May 22, 2021).

[9]   https://www.plein.com/on/demandware.store/Sites-PhilippPleinUS-Site/en_US/Product-Variation?pid=P20C-MLB1131-PLE010N_02&dwvar_P20C-MLB1131-PLE010N__02_size=XL&dwvar_P20C-MLB1131-PLE010N__02_color=02&vgid=P20C-MLB1131-PLE010N_02 (visited May 22, 2021).

for $820.00 at www.plein.com:[10]



39.    In addition to the illegal sales of infringing products on their own website, Defendants distribute the infringing products for sale at other websites.  For example, on the www.farfetch.com[11] website, the infringing product shown below is sold for $753.00:



40.    The Farfetch.com website also features an infringing use of the Design 2, shown

---

[10]   https://www.plein.com/us/jeggins/P20C-WDT1365-PDE004N_01dm.html#q=graffiti&pmin=1.00&prefn1=allowedCountries&prefv1=US%7CALL&prefn2=hasPicture&prefv2=true&prefn3=isBlocked&prefv3=false&start=10 (visited June 4, 2021).

[11]   https://www.farfetch.com/shopping/men/philipp-plein-embellished-graffiti-print-hoodie-item-14769440.aspx?storeid=12132&rtype=portal_plp_generic_c&rpos=1&rid=b7956e5d-5cdf-4593-8cbe-85efb4f40dac (visited Feb. 18, 2021).  A May 22, 2021 visit to this website listed this product as out of stock.

below, utilized on a pair of jeans called "Graffiti Skinny Jeans" that are priced at $574.00:[12]



41.     Defendants also utilize the website www.maison-b-more.com to sell Infringing

Products.   This shirt, sold under the description "White Graffiti Print T-Shirt," is priced at

$787.00:[13]



42.     Defendants     also     utilize     the     websites     www.pleinoutlet.com,[14]

---

[12]  https://www.farfetch.com/shopping/men/philipp-plein-graffiti-skinny-jeans-item-14967942.aspx (visited May 22, 2021).

[13]  https://maison-b-more.com/products/philipp-plein-shirts-mbm-840-107-4 (visited May 22, 2021).

[14]  https://www.pleinoutlet.com/us/t-shirt-round-neck-ss-graffiti/P20C-MTK4431-PJY002N_01.html?cgid=men-clothing-t-

www.shopstyle.com,[15] www.theurge.com.au,[16] and www.lyst.com[17] to advertise and sell Infringing Products.

43.    Defendant makes extensive use of social media platforms to publicize and advertise its products, including the Infringing Products.   Below is from the Philipp Plein Instagram page, where CEO Philipp Plein himself is shown wearing an Infringing Product:

### Design 1 Infringement



---

shirts#cgid=men-clothing-t-shirts&pmin=1.00&prefn1=allowedCountries&prefv1=US%7CALL&prefn2=hasPicture&prefv2=true&prefn3=isBlocked&prefv3=false&start=4 (visited May 22, 2021).

[15]   https://www.shopstyle.com/g/men/philipp-plein/graffiti-print-t-shirt/837643303 (visited Feb. 18, 2021).  A May 22, 2021 visit to this website lists this product as sold out.

[16]   https://theurge.com.au/product/black-philipp-plein-graffiti-t-shirt-mtk4431pjy002n02-it (visited May 22, 2021).

[17]   https://www.lyst.com/search/?q=plein+grafitti&term=plein+grafitti&gender=Women (visited May 22, 2021).

**Design 2 Infringement**



44.     Plaintiff contacted all three Defendants in September 2020 and requested that Defendants cease and desist, *inter alia*, producing, distributing, marketing and selling Infringing Products.  Defendants have not complied and therefore their conduct is willful.

45.     In December 2020, Defendants announced that they would sell their products on Tmall.com, which is a Chinese language website for business-to-consumer online retail. Tmall.com has an estimated 500 million monthly active users.  Upon information and belief, Defendants have begun to and/or will sell Infringing Products on this massive platform.

46.     Several of Defendants' infringing products steal both of Plaintiffs Designs.  For example, on this sweatshirt named "Hoodie Sweatshirt graffiti," available at www.plein.com,[18] and priced at $1,255.00, both Design 1 and Design 2 are misappropriated:

---

[18]   https://www.plein.com/on/demandware.store/Sites-PhilippPleinUS-Site/en_US/Product-Variation?dwvar_P20C-MJB1923-PJO002N_color=01&dwvar_P20C-MJB1923-PJO002N_size=M&pid=P20C-MJB1923-PJO002N (visited May 22, 2021).

**FRONT**



**BACK**



47.     The same theft is evident on the product below, a garment called "Sweatshirt Longsleeve Grafitti," and sold for $1,100.00 on the Philipp Plein website,[19] www.plein.com:

---

[19]     https://www.plein.com/on/demandware.store/Sites-PhilippPleinUS-Site/en_US/Product-Variation?dwvar_P20C-WJO0634-PJO002N_color=01&dwvar_P20C-WJO0634-PJO002N_size=L&pid=P20C-WJO0634-PJO002N (visited May 22, 2021).

**FRONT**



**BACK**



48.    All of these products are substantially similar to the Plaintiff's Designs.

49.    In addition to the advertisement and sale of Infringing Products online, Defendants also utilize fashion shows to publicize their Infringing Products.  For example, in a Vogue fashion show[20] for the Plein Spring 2020 collection, multiple models wore Infringing Products:

---

[20]  https://www.vogue.com/fashion-shows/spring-2020-menswear/philipp-plein/slideshow/collection#1 (visited May 22, 2021).

## DESIGN 1 INFRINGEMENT



## DESIGN 1 INFRINGEMENT



**DESIGN 2 INFRINGEMENT**
(on model's left)



50.    Defendants are not, and have never been, authorized by Resurrect By Night or any of Plaintiff's authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Designs or to use the Designs, or any artwork that is substantially similar to the Designs.

51.    Defendants' Products are nearly indistinguishable from Plaintiff's, with only minor variations that no ordinary consumer would recognize.

52.    By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products), Defendants violated Plaintiff's exclusive rights in its Designs, and have used images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute infringement of the Plaintiff's Designs in order to confuse consumers into believing that such Infringing Products are Plaintiff's Products and aid in the promotion and sales of their Infringing Products.

53.    Prior to and contemporaneous with their infringing actions alleged herein,

Defendants had knowledge of Plaintiff's ownership of these Designs, of the fame and goodwill associated therewith, and of the popularity and success of the Plaintiff's Products, and in bad faith misappropriated the designs.

54.     Defendants have been engaging in the illegal infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff and the Designs.

55.     Defendants' dealings in the infringing Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Infringing Products, thereby causing consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

56.     In engaging in these actions, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff, infringed Plaintiff's Designs, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiff's expense.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Federal Copyright Infringement - 17 U.S.C. § 501(a))**

57.     Resurrect By Night repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

58.     Plaintiff is the exclusive copyright owner of the Designs described in this Complaint.

59.     Defendants had actual notice of Plaintiff's exclusive rights in and to the Designs.

60.     Defendants did not attempt – and therefore inherently failed – to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works

of, distribute, sell, transfer, rent, perform and/or market Plaintiff's Designs.

61.     Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the Designs by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which, at a minimum, are substantially similar to Plaintiff's Designs.

62.     Defendants' unlawful and willful actions as alleged herein constitute infringement of Plaintiff's Designs, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Designs in violation of 17 U.S.C. § 501(a).

63.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

64.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of Plaintiff's Works under 17 U.S.C. § 501(a);

B.     In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of Plaintiff's Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the

rendering of final judgment;

C.     For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

      i.     manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

      ii.    directly or indirectly infringing in any manner any of Plaintiff's copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Designs;

      iii.   using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Designs to identify any goods or services not authorized by Plaintiff;

      iv.    using any of Plaintiff's copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Designs, or any other artwork that are confusingly or substantially similar to the Designs or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising and/or dealing in any Infringing Products;

vii. engaging in any other actions that constitute unfair competition with Plaintiff;

viii. engaging in any other act in derogation of Plaintiff's rights;

ix. secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

x. from secreting, concealing, destroying, altering, selling off,

transferring or otherwise disposing of and/or dealing with: (i) Infringing Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products.

D.      An order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest;

E.      An order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

F.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

G.      For Plaintiff's reasonable attorneys' fees;

H.      For all costs of suit; and

I.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.


Dated: June 4, 2021
      New York, New York

                         **GITLIN, HORN AND VAN DE KIEFT LLP**


                         By:    /s/ Christopher M. Van de Kieft
                                  Christopher M. Van de Kieft
                                  Moshe Horn
                                  2095 Broadway, Suite 411
                                  T: 212-514-5437
                                  F: 212-757-7042
                                  mhorn@ghvlaw.com
                                  cvandekieft@ghvlaw.com
                                  *Attorneys for Plaintiff*